IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MARK E. BAKER | : | NO. 06-CV-05252 |
|     Defendant | : | |

## MEMORANDUM OPINION

**TIMOTHY R. RICE**
**U.S. MAGISTRATE JUDGE**                              December 18, 2008

    Plaintiff AAMCO Transmissions, Inc. ("ATI") has filed a motion in limine to preclude defendant Mark E. Baker from calling ATI's counsel, James Gonica and William Jameson, to testify at trial. For the following reasons, I grant ATI's motion in limine because Baker has failed to establish the information he seeks to elicit from Gonica and Jameson could not be obtained elsewhere.

I.    Background

    On July 11, 2003, AAMCO Transmissions, Inc. ("ATI") entered into a franchise agreement with Baker to allow Baker to operate an AAMCO Transmission Center (the "Center") in Tallahassee, Florida. After conducting a series of undercover customer visits, or "shoppings," at the Center, ATI terminated the franchise agreement because Baker failed to deal fairly and honestly with the public. Baker challenges the accuracy of the undercover investigations and argues ATI improperly terminated the franchise agreement. When Baker did not close the Center after ATI terminated the franchise agreement, ATI brought this trademark infringement, unfair competition, and breach of contract action against him. Baker filed a counterclaim alleging

breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional interference with existing or prospective contractual relationships.

The issues underlying this motion were addressed almost a year ago by Magistrate Judge David Strawbridge. On August 23, 2007, ATI filed a motion to admit Goniea, ATI's general counsel, to practice pursuant to Local Rule 83.5.2. See Motion for Pro Hac Vice (Doc. 18), AAMCO Transmissions, Inc. v. Baker, No. 06-5252 (E.D. Pa. filed Aug. 23, 2007). Baker opposed Goniea's admission, arguing Gonia "will likely be a necessary witness at the trial of this matter." See Defendant/Counterclaimant Mark E. Baker's Response in Opposition to Motion for Admission to Practice of James A. Goniea Pursuant to Local Rule 83.5.2 (Doc. 19), AAMCO Transmissions, Inc. v. Baker, No. 06-5252 (E.D. Pa. filed Aug. 27, 2008). On February 25, 2008, Judge Strawbridge, serving as a special master, granted ATI's motion, permitting Goniea to participate pro hac vice, and provided Baker the right to renew his motion to disqualify Goniea as "an advocate at trial," pursuant to Rule 3.7(a), within twenty days of deposing Goniea. See Order (Doc. 47), AAMCO Transmissions, Inc. v. Baker, No. 06-5252 (E.D. Pa. filed Feb. 25, 2008).

Judge Strawbridge allowed Baker to depose Gonica to determine the extent of Gonica's involvement in the termination of the franchise agreement between ATI and Baker and to give Baker the opportunity to establish whether Gonia's "invocation of attorney-client privilege has been proper." See Memorandum Opinion (Doc. 47), AAMCO Transmissions, Inc. v. Baker, No. 06-5252 (E.D. Pa. filed Feb. 25, 2008), at 6. After deposing Gonica on March 7, 2008, Baker's counsel advised Judge Strawbridge he would not to renew his motion to disqualify Goniea "as an advocate at trial" under Pa. R.P.C. 37(a), but reserved his right to call Goniea as a witness at trial.

2

See Letter to The Honorable Judge David R. Strawbridge from Phillip D. Berger, dated March 24, 2008 (E.D. Pa. filed Mar. 26, 2008).

On November 17, 2008, the parties exchanged witness lists and Baker's counsel listed Gonica and Jameson as witnesses. See Plaintiff's In Limine Motion to Preclude Defendant from Calling Plaintiff's Counsel to Testify at Trial (Doc. 67), AAMCO Transmissions, Inc. v. Baker, No. 06-5252 (E.D. Pa. filed Dec. 5, 2008), at 5 [hereinafter "Plaintiff's Motion"]. ATI filed this motion in limine to preclude Baker from calling Goniea and Jameson as witnesses, arguing Baker waived his claim that Goniea is a necessary witness and Baker's attempt to call Jameson as a fact witness is "an improper attempt to deprive ATI of its counsel of choice." See Plaintiff's Motion at 5, 9.

II. Legal Standard

Rule 3.7(a) of the Pennsylvania Rules of Professional Conduct provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

Pa. R.P.C. 3.7(a). A witness is deemed "necessary" when he has "crucial information" in his possession, which must be divulged. See Commercial Credit Bus. Loans v. Martin, 590 F. Supp. 328, 335 (E.D. Pa. 1984). If the evidence the witness possesses is cumulative or can be obtained elsewhere, it will not be deemed "necessary." See AAMCO Transmissions, Inc. v. Baker, 2008 WL 509220, at *3 (E.D. Pa. filed Feb. 25, 2008) (Strawbridge, J.) (citing Albert M. Greenfield & Co., Inc. v. Alderman, 52 Pa. D. & C. 4th 96, 115 (Pa. Comm. Pl. 1994)); see also United Food & Commercial Workers v. Darwin Lynch Adm'rs, Inc., 781 F. Supp. 1067, 1069-70 (M.D. Pa.

1991) (Rule 3.7 "precludes disqualification if the lawyer's testimony would be merely cumulative.") (citing Cannon Airways, Inc. v. Franklin Holdings Corp., 669 F. Supp. 96, 100 (D. Del. 1987)). The term "necessary" means no other witness could testify. See United Food, 781 F. Supp. at 1069-70.

As the comments to Rule 3.7 explain "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." Pa. R.P.C. 3.7 Cmt. 1. This rule protects "'a broader concern for public confidence in the process of justice' by avoiding the appearance of impropriety or misconduct on the part of attorneys." See United States v. Ross, 2007 WL 2571620, at *20 (E.D. Pa. filed Aug. 31, 2007) (Pratter, J.) (discussing how defendant failed to establish "compelling need" for prosecutor's testimony) (quoting United States v. Birdman, 602 F.2d 547, 554 (3d Cir. 1979)); see also Commonwealth v. Gibson, 670 A.2d 680, 683 (Pa. Super. Ct. 1996) ("appearance of an attorney as both advocate and witness at trial is considered highly indecent and unprofessional conduct to be avoided by counsel and to be strongly discountenanced by colleagues and the courts"). Thus, "a party may not seek to gain a tactical advantage by invoking the rule as a strategic tool." See Ross, 2007 WL 2571620, at *20.

III. Discussion

    A. Attorney Goniea

Baker has failed to establish Goniea is a necessary witness. Although Baker does not seek to disqualify Goniea, the law governing disqualification pursuant to Rule 3.7(a) applies to determine whether Baker has demonstrated Goniea is a "necessary witness." Baker seeks to question Goniea about ATI's lack of written policies, with the exception of the franchise

4

agreement, governing investigations of franchises. See Defendant/Counterclaimant Mark E. Baker's Response in Opposition to Plaintiff's Motion in Limine to Preclude Defendant from Calling Plaintiff's Counsel to Testify at Trial (Doc. 67) at 4, AAMCO Transmissions, Inc. v. Baker, No. 06-5252 (filed Dec. 12, 2008) [hereinafter "Defendant's Response"]. Baker, however, has failed to establish why he cannot obtain this evidence, i.e., the lack of written policies, from another source within ATI.

Further, Goniea's testimony could cause a conflict of interest with his client, depending on the nature of his response. In addition, after deposing Gonica in March 2008, Baker could have had Judge Strawbridge decide this issue before ATI's counsel spent the next year preparing the case for trial. Cf. Host Marriott Corp. v. Fast Food Operators, Inc., 891 F. Supp. 1002, 1010 (D.N.J. 1995) ("[O]nce counsel recognizes that opposing counsel is likely to be a necessary witness, a motion to disqualify should be filed, lest the right to move for disqualification may be waived if not timely made.") (quotations omitted). Baker's delay in raising the issue prejudices ATI on the eve of trial.

Because Baker has failed to establish this evidence is unobtainable elsewhere, see AAMCO, 2008 WL 509220, at *3, and that no other witness could testify about it, Goniea is not a "necessary witness."

B.  Attorney Jameson

Baker also has failed to establish Jameson is a "necessary witness." Baker argues Jameson, acting as vice president and general counsel of Cottman Transmission Systems, LLC, participated in and has direct knowledge of a transaction establishing a second AAMCO center in Tallahassee, Florida. See Defendant's Response at 6. According to Baker, this alleged

5

transaction supports his counterclaim against ATI. <u>See id.</u> Baker, however, has failed to show he cannot obtain evidence of this transaction from another source within Cottman. Moreover, Jameson's testimony could create a potential conflict of interest between himself and ATI. Baker should have pursued this issue with Judge Strawbridge if he had a good faith belief Jameson's testimony was essential to his claim. <u>Cf.</u> <u>Host Marriott Corp.</u>, 891 F. Supp. at 1010 (D.N.J. 1995).

Because Baker has failed to establish this evidence is unobtainable elsewhere, <u>see</u> <u>AAMCO</u>, 2008 WL 509220, at *3, and that no other witness could testify about it, Jameson is not a necessary witness. Thus, Baker is precluded from calling Jameson as a fact witness at trial.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. <br> Plaintiff | : | CIVIL ACTION |
| v. | : | |
| MARK E. BAKER <br> Defendant | : | NO. 06-CV-05252 |

### ORDER

AND NOW, this 18th day of December, 2008, upon consideration of the parties' filings, it is ORDERED that Plaintiff's motion in limine (Doc. No. 67) is GRANTED for the reasons stated in the accompanying Memorandum Opinion.

BY THE COURT:

_____
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE