```
                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF PENNSYLVANIA


AAMCO TRANSMISSIONS, INC.,      )  06-CV-5252
                                )
                                )
         Plaintiff,             )
                                )
   vs.                          )
                                )
                                )
MARK E. BAKER,                  )  Philadelphia, PA
                                )  January 15, 2009
         Defendant.             )  10:52 a.m.


                       TRANSCRIPT OF HEARING
           BEFORE THE HONORABLE DAVID R. STRAWBRIDGE
                UNITED STATES MAGISTRATE JUDGE


APPEARANCES:


For the Plaintiff:      JAMES GONIEA, ESQUIRE
                        AAMCO TRANSMISSIONS
                        201 Gilbraltar Road
                        Suite 150
                        Horsham, PA   19044


                        WILLIAM B. JAMESON, ESQUIRE
                        COTTMAN TRANSMISSION SYSTEMS, INC.
                        201 Gilbraltar Road
                        Suite 150
                        Horsham, PA   19044


For the Defendant:      C. SCOTT SPEAR, ESQUIRE
                        PHILLIP D. BERGER, ESQUIRE
                        LUNDY FLITTER BELDECOS & BERGER, PC
                        450 North Narberth Avenue
                        Narberth, PA   19072


Audio Operator:         S. K. MALLOY
```

Transcribed by:          DIANA DOMAN TRANSCRIBING
                         P.O. Box 129
                         Gibbsboro, New Jersey  08026-0129
                         Office:  (856) 435-7172
                         Fax:     (856) 435-7124
                         E-mail:  <u>dianadoman@comcast.net</u>


Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1              (The following took place in open court at 10:52
2    a.m.)
3              THE COURT:  All right.  We are on AAMCO
4    Transmissions versus Baker, 06-5252.  You've been on trial, as
5    I understand it, for four or five days before Judge Rice on a
6    non-jury trial.  I was approached this morning by Judge Rice
7    indicating that counsel had advised that they were in serious
8    settlement discussions, it looked as if the case was close to
9    being resolved.  There was a bit of glitch.  Judge Rice asked
10   me to provide some assistance.
11             I've spent I guess an hour or so with counsel, met
12   briefly with Mr. Baker and my understanding is that the
13   parties have now reached an agreement and I have in hand a
14   copy of the agreement, the -- the most essential term of which
15   is that AAMCO agrees to pay a total of $7,118 to Mr. Baker.
16   The lawsuit will be dismissed, with prejudice, each party to
17   bear their own costs?
18             MR. BERGER:  Yes, Your Honor.
19             THE COURT:  And the rest of the document, you know,
20   speaks for itself.  It has what I understand to be relatively
21   standard release type language in the document.  And I
22   understand that counsel requested an opportunity just to have
23   some confirmation on the record.  Mr. Berger.
24             MR. BERGER:  Thank you, Your Honor.  Mr. Baker, let
25   me ask you just a number of questions with regard to the

 1  release documents.
 2          MR. BAKER:  Okay.
 3          THE COURT:  Hold on a minute.  You've previously
 4  been sworn?
 5          MR. BERGER:  He has.  He provided his direct -- his
 6  direct testimony --
 7          THE COURT:  All right.  Just a reminder, you're
 8  still under oath.
 9          MR. BAKER:  Okay.
10          MR. BERGER:  Mr. Baker, you have been court these
11  past five days and heard all the testimony?
12          MR. BAKER:  Yes.
13          MR. BERGER:  And you have subsequently decided to
14  settle this case?
15          MR. BAKER:  Yes.
16          MR. BERGER:  And you are also a shareholder of ML
17  Car Star Corp.?
18          MR. BAKER:  Yes.
19          MR. BERGER:  And you have authority as a shareholder
20  of ML Car Star Corp. to enter into a settlement agreement on
21  behalf of the corporation?
22          MR. BAKER:  Yes.
23          MR. BERGER:  And you, individually, and on behalf of
24  ML Car Star Corp., have decided and agreed to settle this
25  matter for a total sum of $7,118?

1    MR. BAKER:  Yes.
2    MR. BERGER:  And you understand that by signing this
3 release, you individually, and on behalf of ML Car Star Corp.,
4 are giving up all claims against AAMCO, Inc. from the
5 beginning of time through today, which is the date the
6 agreement is being signed?
7    MR. BAKER:  Yes.
8    MR. BERGER:  However, it is your position that the
9 AAMCO warranties provided on your individual vehicles remain
10 in force and effect notwithstanding the release?
11    MR. BAKER:  Yes.
12    MR. BERGER:  And you have read through the agreement
13 and understand that its terms are to be kept confidential?
14    MR. BAKER:  Yes.
15    MR. BERGER:  You have been advised that there's a
16 non-disparaging clause where you cannot say anything bad about
17 AAMCO and AAMCO cannot say anything bad against you?
18    MR. BAKER:  Yes.
19    MR. BERGER:  And you understand all these terms and
20 conditions in the settlement agreement?
21    MR. BAKER:  Yes.
22    MR. BERGER:  And I've explained all the terms in the
23 settlement agreement to you?
24    MR. BAKER:  Yes.
25    MR. BERGER:  And you individually, and on behalf of

1   ML Car Star Corp., agree to these terms?
2           MR. BAKER:  Yes.
3           THE COURT:  Mr. Goniea.
4           MR. GONIEA:  We agree to the terms of the settlement
5   as well, Your Honor, on behalf of AAMCO Transmissions, Inc.
6           THE COURT:  Okay.  I will advise Judge Rice that you
7   have settled the case.  He will, I am certain, enter a
8   41(1)(b) under our Local Rule indicating dismissal, each party
9   to bear their own costs.
10          MR. GONIEA:  Your Honor, can you convey to Judge
11  Rice that we would like him to retain jurisdiction for a short
12  period of time in case there's any -- maybe -- maybe 60 or 90
13  days in case there is any post-trial issues?
14          THE COURT:  That's -- that's the way our Local Rule
15  reads.
16          MR. GONIEA:  Great.
17          THE COURT:  Our Local Rule -- our Local Rule
18  indicates that the District Court will retain jurisdiction for
19  a period of 90 days.  That can be extended if there is a
20  problem.  But once the 90 days passes without a request for an
21  extension then jurisdiction will stay vested.
22          MR. GONIEA:  Thank you, Your Honor.
23          THE COURT:  And I think that's it as far as I am
24  concerned.  Thank you very much.  Judge Rice did ask if
25  counsel would visit with him in chambers briefly.

1          MR. BERGER:  Your honor, were you going to put
2  anything on the record with regards to the warranty issue?
3          THE COURT:  I'm sorry?
4          MR. BERGER:  Were you going to put anything on the
5  record with regards to the warranty issue?
6          THE COURT:  Well, sure, I'll be happy to.  Two
7  things, first of all, my understanding was there had been
8  concern with respect to AAMCO as to whether or not there would
9  be any kind of backtracking before AAMCO went to the CEO and
10 obtained the authority to pay the additional $990 which was
11 the difference between where you were last night and today.
12         I came in, I spoke with counsel.  I spoke with Mr.
13 Baker, and I wanted to get a certainty that I could give back
14 to Mr. Goniea so Mr. Goniea would be able to take that
15 certainty coming from the Court as a go-between, between you
16 folks on the Baker side of the case.  And I did that, and I
17 did that after I had discussed very specifically the release
18 indicating it was the essentially the last release that had
19 been agreed to with the -- with the inclusion of the reference
20 to affiliates, the inclusion of a release being included as to
21 ML Car Star which was the issue that was involved and Mr.
22 Baker confirmed as he has here on the record.
23         Mr. Baker also indicated that he understood my
24 anxiety with respect to the question that there be no further
25 issues raised in connection with the release.  And that was

1  all affirmed as I was concerned with the affirmance of counsel
2  and with the affirmance of Mr. Baker.  It was reported back to
3  Mr. Goniea and Mr. Goniea, after ten minutes or so, apparently
4  in the intervening time, called his client, got confirmance
5  that they would pay the additional $990.
6         My full understanding and impression is that the
7  case is over. The case -- the releases have been signed and
8  that's that.  Now, when this other issue arose, afterwards,
9  after all this took place, I mean, frankly, it occurred to me,
10 just, you know, as an observer, but, you know, nominally
11 involved in this case, that there was a -- there should not be
12 any issue with respect to Mr. Goniea, as a -- or Mr. -- excuse
13 me, Mr. Baker as a consumer.
14         If he has the benefit of some kind of warranty with
15 respect to AAMCO, which I didn't get involved in the details
16 of, that that didn't strike me as something that should be
17 part of this case.  It is his own personal vehicle, if he has
18 got an AAMCO warranty, and some problem arises, it strikes me
19 it wouldn't be good form and perhaps not appropriate for AAMCO
20 to say, sorry, we're not going to honor that warranty because
21 of the release that we have in this particular case.
22         Mr. Goniea has raised questions about that in terms
23 of the fact that the warranty was -- is actually a warranty of
24 the franchisee, not a warranty of mother AAMCO, whatever the
25 -- I guess AAMCO Transmission, Inc., is the parent company.

1   It's a warranty of the franchisee, and it would be a warranty
2   then of the whatever the franchisee name was for Mr. Baker,
3   Mr. Baker as the franchisee, from his particular shop. My
4   understanding is that shop is no longer operating, is that
5   right?
6               MR. BARKER:  That's correct.
7               THE COURT:  So under that circumstance, I guess the
8   question would be if Mr. Baker has a problem with his vehicle,
9   he goes to another AAMCO shop, what it is that happens and
10  strikes me if is a legitimate transmission problem, and it
11  fits within the warranty, AAMCO ought to pay for it. But I am
12  not --
13              MR. GONIEA:  Your honor, AAMCO doesn't have a
14  contractual obligation to pay for it.
15              THE COURT:  Okay.  The contractual obligation that
16  is held is a contractual obligation of --
17              MR. GONIEA:  The center --
18              THE COURT:  -- Mr. Baker, in effect?
19              MR. GONIEA:  Yes.
20              THE COURT:  Well, but I would imagine, Mr. Goniea,
21  that there probably have been other times besides this one,
22  when franchisees have gone out of business.
23              MR. GONIEA:  Yes, Your Honor.
24              THE COURT:  And when that happens, what -- and a
25  consumer comes in and has a difficulty with a car and can't go

1  to, you know, Baker -- Baker AAMCO, and they go to some other
2  AAMCO, what happens?
3              MR. GONIEA: Sometimes we pay for it, sometimes we
4  don't, depending upon the circumstances.
5              THE COURT: Okay. All right. And my impression is
6  that that is what the case would be here. I mean, if AAMCO
7  had some reason to believe that there was some manipulation
8  ongoing of this issue, then it's a different problem.
9              MR. GONIEA: Right.
10             THE COURT: If it's a normal transmission problem,
11 and there's no -- no concern about it, I would think AAMCO
12 would honor it. But you know the release is what the release
13 is and you guys have agreed to it.
14             MR. GONIEA: Thank you, Your Honor.
15             THE COURT: So I guess you would call that an
16 advisory opinion for whatever it's worth.
17             MR. GONIEA: Thank you, Your Honor.
18             THE COURT: Okay. So, I'll be right there. So this
19 matter has been terminated. Judge Rice did ask if counsel
20 would be kind enough just to visit with him with briefly in
21 chambers.
22             MR. GONIEA: Thank you.
23             THE COURT: There were a couple of matters I think
24 he wanted to discuss with you and thank you for your
25 participation. He tells me, as I am sure he'd tell you, that

1  he thought the case was well tried and that counsel performed
2  quite well which doesn't surprise me from my dealings with you
3  folks.
4           So, I thank you very much for that and
5  congratulations on getting your case resolved.
6           MR. BERGER:  Thank you for all of your efforts, Your
7  Honor.
8           MR. GONIEA:  Thank you, Your Honor.
9           THE COURT:  Good luck to you.  Maybe I'll bump into
10 you in another case.
11          (Proceedings concluded at 11:01 a.m.)
12                              * * *

1 **C E R T I F I C A T I O N**

4      I, Deborah Cranmer, court approved transcriber,
5 certify that the foregoing is a correct transcript from the
6 official electronic sound recording of the proceedings in the
7 above-entitled matter.

11 _____     February 17, 2009
12 DEBORAH CRANMER
13 DIANA DOMAN TRANSCRIBING